FILED
2019 Apr-22  PM 12:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

**JUSTIN CLEMENTS,**

     **PLAINTIFF,**

**VS.**                          **CV NO.:**

**EASE, LLC, d/b/a
EUROPEAN AUTOMOTIVE
SERVICE EXPERTS and
TIM PARKER,**

     **DEFENDANTS.**            **JURY TRIAL DEMANDED**

**COMPLAINT**

## I.    JURISDICTION

1.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1367, 2201 and 2202 and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. District Court jurisdiction exists pursuant to 29 U.S.C. §§ 216(b) and 217 and 28 U.S.C. § 1331. The jurisdiction of this Court is invoked to secure the protection and redress the deprivation of rights secured by the FLSA. The supplemental jurisdiction of this Court is invoked to secure the protection and redress the deprivation of rights for related state law claims regarding compensation.

2.    Plaintiff seeks supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) in regard to claims of work & labor and conversion.

## II.   PARTIES

3.      Plaintiff, Justin Clements, (hereinafter "Plaintiff") is a resident of Pinson, Jefferson County, Alabama, and performed work for the Defendant in the counties composing the Northern District of Alabama during the events of this case. Plaintiff was an employee within the contemplation of 29 U.S.C. § 203(e)(1). Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action lies in the Northern District, Southern Division.

4.      Defendant EASE, LLC doing business as European Automotive Service Experts ("Defendant" or "Defendant EASE LLC") is a company registered and doing business in the State of Alabama and has sufficient minimum contacts with the State of Alabama that it is subject to service of process in Alabama. Defendant is engaged in commerce from the production of goods as contemplated by 29 U.S.C. §§ 203(r), 203(s). Therefore, this Court has jurisdiction over Defendant.

5.      Defendant Tim Parker (hereinafter "Parker" or "Defendant Parker") is an employer within the meaning of the FLSA, as he engaged in the day-to-day supervision of the Plaintiff's work and directed the day-to-day operations of the Defendant EASE, LLC complained of herein in violation of the FLSA, and, upon information and belief set forth the policies complained of herein.  Defendant Parker is a resident of the State of Alabama, Northern District of Alabama.

### III.   STATEMENT OF FACTS

6.    Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-5 above.

7.    Defendant Parker hired Plaintiff to work for Defendant EASE, LLC, on or about October 2, 2018.

8.    Defendants employed Plaintiff as an automotive mechanic.

9.    Plaintiff informed Defendant Parker of his resignation from Defendant EASE, LLC on or about December 9, 2018.

10.    At all times during the employment relationship, Defendants classified Plaintiff as an hourly paid, non-exempt employee.

11.    During the two years preceding the filing of this complaint, Plaintiff typically worked over forty hours in a work week.

12.    As part of his employment, Plaintiff provided some of his personal tools and such tools were stored on Defendants' premises.

### IV.   COUNT ONE – FLSA – Overtime Violations

13.    Plaintiffs hereby incorporate by reference each of the allegations contained in paragraphs 1-12 above.

14.    During the two years preceding the filing of this Complaint, Defendant EASE LLW was, and currently is, an enterprise engaged in commerce or the production of goods in commerce as defined by 29 U.S.C. 203(r)(1).

15.     During the two years preceding the filing of this Complaint, Defendant EASE LLW was, and currently is, an enterprise engaged in commerce or the production of goods in commerce as defined by 29 U.S.C. 203(s)(1).

16.     During the three years preceding the filing of this Complaint, Defendant has been a company whose employees, including the Plaintiff, are engaged in interstate commerce and whose employees handle and/or work on goods that have been moved in and/or produced in commerce.

17.     Defendant's gross annual volume of revenue exceeds $500,000.

18.     At all times relevant to this action, Defendant was an employer of Plaintiff as defined by 29 U.S.C. § 203(d).

19.     During the two years preceding the filing of this Complaint, Plaintiff was an employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

20.     Plaintiff was engaged in interstate commerce and/or the production of goods for interstate commerce while working for Defendant EASE, LLC. Plaintiff's interstate commercial activity included, but was not limited to selling products that originated out of state or outside of the United States, and accepting telephone calls from and dialing telephone calls to customers in Georgia and/or Tennessee for the benefit of Defendants, driving customer's automobiles for pick-up and delivery on public roads and interstate highways, driving Defendant's automobiles to purchase

supplies and auto parts for the benefit of Defendant, and processing credit card transactions for the purposes of paying Defendants.

21.    During the two years preceding the filing of this Complaint, Defendant failed to record Plaintiff's hours during a given work week on multiple occasions, such that Defendant failed to comply with 29 U.S.C. § 211 and 29 C.F.R. § 516.2.

22.    Defendant failed to pay Plaintiff for all hours worked in excess of forty in a work week.

23.    Defendant Parker set Plaintiff's hourly wage at $25.00 per hour.

24.    During his employment with Defendants, Plaintiff worked approximately twelve hours each working day.

25.    During his employment with Defendants, Parker set Plaintiff's schedule such that he worked Monday, Tuesday, Wednesday, Thursday, Friday, and Saturday of each work week.

26.    With the exception of a single payment of $1,000.00, Defendants failed to compensate Plaintiff for all hours worked during the course of the employment.

27.    As the result of Defendants' willful and intentional violation of the FLSA, Plaintiff has been damaged, suffering loss of overtime pay.

**V.  COUNT TWO – FLSA – Unpaid Minimum Wage**

28.    Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-27 above.

29.     During the two years preceding the filing of this Complaint, Defendant EASE LLW was, and currently is, an enterprise engaged in commerce or the production of goods in commerce as defined by 29 U.S.C. 203(r)(1).

30.     During the two years preceding the filing of this Complaint, Defendant EASE LLW was, and currently is, an enterprise engaged in commerce or the production of goods in commerce as defined by 29 U.S.C. 203(s)(1).

31.     During the three years preceding the filing of this Complaint, Defendant has been a company whose employees, including the Plaintiff, are engaged in interstate commerce and whose employees handle and/or work on goods that have been moved in and/or produced in commerce.

32.     Defendant's gross annual volume of revenue exceeds $500,000.

33.     At all times relevant to this action, Defendant was an employer of Plaintiff as defined by 29 U.S.C. § 203(d).

34.     During the two years preceding the filing of this Complaint, Plaintiff was an employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

35.     Plaintiff was engaged in interstate commerce and/or the production of goods for interstate commerce while working for Defendant EASE, LLC. Plaintiff's interstate commercial activity included, but was not limited to selling products that originated out of state or outside of the United States, processing credit card and debit card transactions that crossed state lines, and accepting and dialing telephone

calls for the benefit of Defendants, in order to accept payments or render payments to persons or business entities that resided or operated outside the State of Alabama.

36.    During the two years preceding the filing of this Complaint, Defendant failed to record Plaintiff's hours during a given work week on multiple occasions, such that Defendant failed to comply with 29 U.S.C. 211 and 29 C.F.R. § 516.2.

37.    Defendant failed to pay Plaintiff for all hours worked in excess of forty in a work week.

38.    Defendant Parker set Plaintiff's hourly wage at $25.00 per hour.

39.    During his employment with Defendants, Plaintiff worked approximately twelve hours each working day.

40.    During his employment with Defendants, Parker set Plaintiff's schedule such that he worked Monday, Tuesday, Wednesday, Thursday, Friday, and Saturday of each workweek.

41.    With the exception of a single payment of $1,000.00, Defendants failed to compensate Plaintiff for all hours worked during the course of the employment.

42.    During the two years preceding the filing of this complaint, Defendant failed to pay Plaintiff the federally mandated minimum wage on one or more weeks in which Defendants received the benefit of Plaintiff's labor.

43.     Because of Defendants' willful and intentional violation of the FLSA, Plaintiff has been damaged, suffering loss of the federally mandated minimum wage for all the hours she worked.

44.     As a result of Defendant's pay practices, Plaintiff seeks recovery of his wages such that he be paid the minimum wage for all hours worked.

## VI.     COUNT THREE – Work & Labor Done

45.     Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-44 above.

46.     Acting on behalf of Defendant EASE, LLC, Defendant Parker set Plaintiff's hourly wage at $25.00 per hour.

47.     Plaintiff expected Defendant EASE LLC to compensate Plaintiff for all hours worked at the agreed upon hourly rate of $25.00 per hour.

48.     During the course of the employment, with the exception of a single payment of $1,000.00, Defendant EASE, LLC, failed to compensate Plaintiff for all hours worked at the agreed upon rate of $25.00 per hour.

49.     As a result of Defendant EASE, LLC's failure to compensate Plaintiff at the agreed upon rate for all hours worked, Defendant EASE, LLC has caused Plaintiff to suffer loss of pay.

## VII.   COUNT FOUR – Conversion of Property

50.     Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-49 above.

51.     On or about December 10, 2019, Defendants converted to his/its own use a Red Blasting Cabinet of the value of $200.00; such which is the property of the Plaintiff.

52.     On or about December 10, 2019, Defendants converted to his/its own use a Yamaka HKS SVHO Supercharger of the value of $3,000.00; such which is the property of the Plaintiff.

53.     On or about December 10, 2019, Defendants converted to his/its own use a Yamaha Mikuni Super BN-44 Triple Carburetor Set of the value of $2,400.00; such which is the property of the Plaintiff.

54.     On or about December 10, 2019, Defendants converted to his/its own use a Snap-On Torx 60 and 3/8, of the value of $150.00; such which is the property of the Plaintiff.

55.     WHEREFORE, Plaintiff demands judgment against Defendants in the sum of $5,750.00.

## VIII.   PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

A.     The Court issue proper process to compel Defendant to answer or otherwise plead to the allegations contained in the Complaint;

B.     This Court award Plaintiff the amount of his/her unpaid overtime pay, unpaid overtime premium, unpaid minimum wages, unpaid wages, plus an additional equal amount as liquidated damages; nominal damages; and special damages;

C.     That Plaintiff be granted judgment against Defendant for all reasonable attorneys' fees, costs, disbursements and interest;

D.     That Plaintiff be granted the return of his property as described in Paragraphs 51-55 or the cash value; and,

E.     For such other and further relief as this Court deems equitable, proper and just.

_____
Allen D. Arnold

OF COUNSEL:
ALLEN D. ARNOLD, LLC
A Member of The Five Points Law Group, LLC
2151 Highland Avenue South, Ste. 205
Birmingham, Alabama 35205
T: (205) 252-1550
F: (205) 502-4476
allen@5pointslaw.com

## PLAINTIFF REQUESTS TRIAL BY STRUCK JURY

OF COUNSEL

**DEFENDANTS ADDRESSES:**
EASE, LLC
c/o William E. McCowan
2454 F. Morgan Road
Bessemer, AL 35022

Tim Parker
2454 F. Morgan Road
Bessemer, AL 35022